UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DONGGUAN ZHOUDA TECHNOLOGY CO LTD et al., <br><br> Plaintiffs, <br><br> v. <br><br> XINJIE DAI, <br><br> Defendant. | CASE NO. 2:25-cv-00536-TL <br><br> ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER |

This matter is before the Court on Plaintiffs' Motion for Temporary Restraining Order. Dkt. No. 9. Having considered Plaintiffs' motion and the relevant record, the Court DENIES Plaintiffs' motion with leave to re-file following appropriate service.

## I. BACKGROUND

Plaintiffs Dongguan Zhouda Technology Co. Ltd. (doing business as ANTAND); Fuzhou Jiuri E-Commerce Co. Ltd. (doing business as HWHIEUAIK-US); Dengzhou Sandstorm Trading Co., Ltd. (doing business as Sandstorm2024); Dengzhou Muyi Commerce Co. Ltd. (doing business as ZJT); Dengzhou Xingshan Trading Co., Ltd (doing business as DDDU);

ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER - 1

1  Dengzhou Chenglechuang Trading Co., Ltd (doing business as Noliii); and Linyi Yupin Trading
2  Co., Ltd. (doing business as LINYI) operate various storefronts on the Amazon.com ("Amazon")
3  marketplace through which they sell various products, including tumbler cup lids. Dkt. No. 7
4  (amended complaint) ¶¶ 14–20, 28. In February and March 2025, Defendant submitted patent
5  infringement complaints to Amazon based on Defendant's January 7, 2025, patent for "[t]he
6  ornamental design for a tumbler lid," U.S. Patent No. D1,056,616 ("'616 Patent"), which caused
7  Amazon to effect the deactivation of products that Plaintiffs were selling. *Id.* ¶¶ 21–28; Dkt. No.
8  7-1 (design patent) at 2; *see also* Dkt. Nos. 7-2–7-5 (infringement complaints).

Plaintiffs filed their original complaint on March 16, 2025, seeking a declaratory judgment of the '616 Patent's invalidity and recovery for unfair business practices and tortious interference with prospective economic advantage. *See* Dkt. No. 1. On April 7, 2025, Plaintiffs filed a First Amended Complaint for Declaratory Judgment. *See* Dkt. No. 7. On May 14, 2025, Plaintiffs filed the instant motion for an *ex parte* temporary restraining order ("TRO"). Dkt. No. 9.

## II.  DISCUSSION

"A TRO, as with any preliminary injunctive relief, is an extraordinary remedy that is 'never awarded as of right.'" *Kovalenko v. Epik Holdings Inc.*, No. C22-1578, 2022 WL 16737471, at *2 (W.D. Wash. Nov. 7, 2022) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)). The standards that govern TROs are "substantially similar" to those that govern preliminary injunctions. *Holthouse v. Wash. Dep't of Corrections*, No. C25-5257, 2025 WL 1167659, at *1 (W.D. Wash. Apr. 22, 2025) (citing *Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017)). "To obtain a preliminary injunction, a plaintiff must establish: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm in the absence of preliminary relief, (3) that the balance of equities favors the plaintiff, and (4) that an injunction is

in the public interest." *Id.* (quoting *Geo Group, Inc. v. Newsom*, 50 F.4th 745, 753 (9th Cir. 2022) (en banc)). This test, arising from *Winter*, 555 U.S. 7, requires a showing for each element by the movant. *See id.*

"Importantly, given that the U.S. federal jurisprudence 'runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute . . . , courts have recognized very few circumstances justifying the issuance of an *ex parte* TRO.'" *Kovalenko*, 2022 WL 16737471, at *2 (omission in original) (quoting *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006)). In line with this principle, Federal Rule of Civil Procedure 65(b) provides that:

> (a)(1) **Notice.** The court may issue a preliminary injunction only on notice to the adverse party.
>
> . . . .
>
> (b)(1) **Issuing Without Notice.** The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant *before* the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

(emphases added). Further, Local Civil Rule 65 provides:

> Motions for temporary restraining orders without notice to and an opportunity to be heard by the adverse party are disfavored and will rarely be granted. Unless the requirements of Fed. R. Civ. P. 65(b) for issuance without notice are satisfied, the moving party must serve all motion papers on the opposing party, by electronic means if available, before or contemporaneously with the filing of the motion *and include a certificate of service with the motion. The motion must also include contact information for the opposing party's counsel or for an unrepresented party.*

LCR 65(b)(1) (emphasis added). Accordingly, the Court cannot grant Plaintiffs' request for a TRO without a certification of adequate notice to Defendant or a basis for issuing an *ex parte* TRO before Defendant can be heard. *See, e.g.*, *Kovalenko*, 2022 WL 16737471, at *2 (denying TRO because plaintiff failed to meet requirements for a TRO without notice). Plaintiffs have failed to make the requisite showing of either element.

First, Plaintiffs have not demonstrated adequate notice to Defendant as required by Local Civil Rule 65. Plaintiffs' motion notes that "Plaintiffs provided notice of this motion to Defendant on May 15, 2025 via its email address, such email address being identified to Plaintiffs by third-party Amazon within the infringement notices." Dkt. No. 9 at 2. However, Plaintiffs did not include a certificate of service or contact information for Defendant's counsel (or clarification that Defendant is an unrepresented party). *See generally* Dkt. No. 9; Dkt. Nos. 10–16 (declarations in support of motion for TRO). Defendant has not appeared in this action, and there is no evidence of Defendant's awareness of this action, much less the instant motion.

Second, Plaintiffs fail to justify the issuance of an *ex parte* TRO under the requirements of Federal Rule of Civil Procedure 65(b)(1). Plaintiffs have not "certifie[d] in writing any efforts made to give notice *and the reasons why it should not be required*," and the Court finds no such justification from the record upon review. Fed. R. Civ. P. 65(b)(1)(B) (emphasis added). Plaintiffs contend that "Defendant's wrongful enforcement of its purported rights in the '616 Patent have harmed Defendants' reputation and advertising efforts, indefinitely lost Plaintiff customers, compromised Plaintiffs' Amazon account ranking and reviews, exacerbated the risk of account termination as a repeat offender, and corroded Plaintiff's commercial goodwill." Dkt. No. 9-4 (proposed order) at 2. However, this alleges injuries Plaintiffs have already suffered, at best implying a continuation of those injuries and "speculative injury of an immediate loss of business or potential clients"—insufficient to justify an *ex parte* TRO. *See Kovalenko*, 2022 WL

16737471, at *3. Relatedly, the Court notes that Plaintiffs waited nearly two months after the filing of their original complaint to move for a TRO, further demonstrating that the injury alleged is not so immediate as to justify an *ex parte* TRO.

### III. CONCLUSION

Accordingly, Plaintiffs' motion for TRO is DENIED WITHOUT PREJUDICE.

Dated this 15th day of May 2025.

Tana Lin
United States District Judge