UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DONGGUAN ZHOUDA TECHNOLOGY CO. LTD., et al.,<br><br>       Plaintiffs,<br>  v.<br><br>XINJIE DAI,<br><br>       Defendant. | CASE NO. 2:25-cv-00536-TL<br><br>ORDER ON MOTION FOR ALTERNATIVE SERVICE |

This is an action for declaratory judgment that U.S. Patent No. D1,056,616 is invalid and unenforceable. This matter comes before the Court on Plaintiffs' motion for alternative service on Defendant Xinjie Dai. Dkt. No. 18. Defendant has not appeared in this action and did not file a response. Having considered Plaintiffs' motion and the relevant record, the Court GRANTS the motion.

## I. BACKGROUND

Plaintiffs Dongguan Zhouda Technology Co., d/b/a ANTAND; Fuzhou Jiuri E-Commerce Co., d/b/a HWHIEUAIK-US; Dengzhou Sandstorm Trading Co., d/b/a

ORDER ON MOTION FOR ALTERNATIVE SERVICE - 1

Sandstorm2024; Dengzhou Muyi Commerce Co., d/b/a ZJT; Dengzhou Xingshan Trading Co., Ltd d/b/a DDDU; Dengzhou Chenglechuang Trading Co., Ltd d/b/a Noliii; and Linyi Yupin Trading Co., Ltd d/b/a LINYI ("Plaintiffs") operate various storefronts on the Amazon.com ("Amazon") marketplace through which they sell tumbler cup lids. *See* Dkt. No. 7 ¶¶ 14–20. In February and March 2025, Defendant submitted multiple patent-infringement complaints to Amazon, alleging that Plaintiffs' cup lids infringed on Defendant's January 7, 2025, patent for "[t]he ornamental design for a tumbler lid," U.S. Patent No. D1,056,616 (the "'616 Patent"). Dkt. No. 7 ¶¶ 21–35; *see also* Dkt. Nos. 7-2–7-8 (infringement complaints). The only contact information included in the complaints was an email address: jamesthorntoncontact@gmail.com. Dkt. No. 18 at 1–2, 5. The complaints stated, in relevant part, that Plaintiffs' products "closely resemble[] the patented design, including the circular lid structure, flip straw mechanism, and unique ornamental features." Dkt. No. 7-2 at 3; *see also* Dkt. No. 7-3 at 3–4; Dkt. No. 7-4 at 3; Dkt. No. 7-5 at 3–26; Dkt. No. 7-6 at 3; Dkt. No. 7-7 at 3; Dkt. No. 7-8 at 3. In response, Amazon notified Plaintiffs of the infringement complaints and subsequently prevented Plaintiffs from selling the products at issue. Dkt. No. 7 ¶¶ 21–35.

      As a result of Defendant's infringement complaints, each Plaintiff has been prevented from selling the complained-about cup lids on their respective Amazon storefronts, losing potential revenue from the product. Moreover, their seller profiles are at risk of revocation. *Id.* Further, when an Amazon seller receives too many complaints, Amazon will permanently revoke the seller's ability to sell on the Amazon platform and, additionally, can liquidate the seller's remaining funds, resulting in the loss of the seller's Amazon reviews and site rankings. Dkt. No. 7 ¶¶ 54–55.

      On March 16, 2025, Plaintiffs filed their original complaint, seeking a declaratory judgment of the '616 Patent's invalidity and recovery of damages for unfair business practices

Case 2:25-cv-00536-TL    Document 30    Filed 06/26/25    Page 3 of 9

and tortious interference with prospective economic advantage. *See* Dkt. No. 1. On April 7, 2025, Plaintiffs filed a First Amended Complaint for Declaratory Judgment, asserting the same claims for relief. Dkt. No. 7. On May 14, 2025, Plaintiffs filed a motion for an *ex parte* temporary restraining order ("TRO"), which the Court denied upon determining that it could not grant the motion "without a certification of adequate notice to Defendant or a basis for issuing an *ex parte* TRO before Defendant can be heard." Dkt. No. 17 at 4 (citing *Kovalenko v. Epik Holdings Inc.*, No. C22-1578, 2022 WL 16737471, at *2 (W.D. Wash. Nov. 7, 2022)). On June 16, 2025, Plaintiffs moved again for an *ex parte* TRO, which was issued. *See* Dkt. Nos. 20, 26.

Defendant has not appeared in the action. Plaintiffs now seek leave to serve Defendant by alternative means. Dkt. No. 18.

## II.    Legal Standard

The Ninth Circuit has "commit[ted] to the sound discretion of the district court the task of determining when the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). Federal Rule of Civil Procedure 4(f)(3) provides that service of process on an individual outside the United States may occur "[b]y other means not prohibited by international agreement, as the court orders." Plaintiffs are not required to have attempted service under the Hague Service Convention [1] and Rule 4(f)(1) before seeking service under Rule 4(f)(3). *See Rio Props.*, 284 F.3d at 1015 ("[C]ourt-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) . . . . [S]ervice of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.'" (quoting *Forum Fin. Grp., LLC v. President & Fellows of Harvard Coll.*, 199 F.R.D. 22, 23 (D. Me. 2001))).

---

[1] The Hague Service Convention is an international treaty that governs service of process among nations that are party to the Convention, including China and the United States. *See infra* Section III.B.

Order on Motion for Alternative Service - 3

The party requesting alternate service must "demonstrate that the facts and circumstances of the present case necessitate[] the district court's intervention." *Id.* at 1016. "Courts consider a variety of factors when evaluating whether to grant relief under Rule 4(f)(3)[,] including whether the plaintiff identified a physical address for the defendant, whether the defendant was evading service of process, and whether the plaintiff had previously been in contact with the defendant." *Rubie's Costume Co. v. Yiwu Hua Hao Toys Co.*, No. C18-1530, 2019 WL 6310564, at *2 (W.D. Wash. Nov. 25, 2019) (permitting alternative service by email on certain Amazon.com sellers of allegedly counterfeit products).

### III. DISCUSSION

Plaintiffs seek leave for alternative service by publication and email. Dkt. No. 18 at 1.

**A.    Plaintiffs' Efforts to Effect Service**

Plaintiffs represent that the efforts that they have taken to effect service on Defendant have thus far been unsuccessful. Dkt. No. 20 at 13.

The Amazon complaints against Plaintiffs identify what appear to be two different actors: Xinjie Dai as the party submitting the complaints, and "James Thornton" as the '616 Patent rights holder. Dkt. No. 18 at 3; *see also* Dkt. No. 7-3 at 3–4; Dkt. No. 7-4 at 3; Dkt. No. 7-5 at 3–26, 29; Dkt. No. 7-6 at 3–4; Dkt. No. 7-7 at 3–4; Dkt. No. 7-8 at 3–4. The complaints identify jamesthorntoncontact@gmail.com as complainant's contact information. Dkt. No. 18 at 3; *see also* Dkt. No. 7-2 at 3; Dkt. No. 7-3 at 3–4; Dkt. No. 7-4 at 3; Dkt. No. 7-5 at 3–26, 29; Dkt. No. 7-6 at 3; Dkt. No. 7-7 at 3; Dkt. No. 7-8 at 3. As a result, it is unclear if the complaints filed against Plaintiffs were submitted using an alias, or if the '616 Patent was assigned to a different party. *See* Dkt. No. 18 at 3.

However, although Plaintiffs made efforts to identify contact information for both Xinjie Dai and James Thornton, Plaintiffs were unable to find reliable addresses for either. Dkt. No. 18

at 3–4. The address identified in the Application Data Sheet ("ADS") submitted with the application for the '616 Patent (which identifies Xinjie Dai as the applicant (*see* Dkt. No. 7-1 at 2)), "did not include a Postal Code or a province, a search of the address returned no results, and a search of the partial address returned two results several blocks away from one another with neither result identified as being on the street identified in the ADS submitted with the application for the '616 Patent." Dkt. No. 18 at 4 (citing Dkt. No. 19 ¶¶ 4–7). In addition, Plaintiffs' counsel conducted a search of the United States Patent Office ("USPTO") website, which showed no assignment of the '616 Patent rights to anyone or physical address information for either James Thornton or Xinjie Dai. Dkt. No. 19 ¶ 3 (citing Dkt. No. 19-1).

Plaintiffs have also attempted to contact Defendant through the jamesthorntoncontact@gmail.com email address (the "email address"). Dkt. No. 18 at 5. Plaintiffs represent that they sent an email to the email address and did not receive any indication that the message was not delivered, indicating that the email address is likely live. *Id.*; *see also* Dkt. No. 19 ¶ 10.

**B.    Application of the Hague Service Convention**

Pursuant to Federal Rule of Civil Procedure 4(f)(1), the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965 ("Hague Service Convention"), 20 U.S.T. 361, T.I.A.S. No. 6638, generally governs service of international defendants. Under the treaty's terms, service in a foreign country must "usually be performed by a receiving country's 'Central Authority.'" *Brown v. China Integrated Energy, Inc.*, 285 F.R.D. 560, 563–64 (C.D. Cal. 2012).

However, the Hague Service Convention does not apply where the address of the person to be served is unknown. Hague Service Convention art. 1. Litigants may not "evade the Hague [Service] Convention by claiming to not know the physical address of defendant." *Sec. & Exch.*

*Comm'n v. Wahi*, No. C22-1009, 2023 WL 3582398, at *4 n.2 (W.D. Wash. May 22, 2023). Accordingly, courts have found that an address is unknown if obtaining a physical address for service of process was not found despite reasonable effort or "where there is evidence defendants are trying to evade service." *Rubie's Costume Co.*, 2019 WL 6310564, at *3. In cases where plaintiffs have been found to exercise reasonable effort in obtaining a physical address, the parties engaged in comprehensive searches using popular search engines like Google and Bing, government and public databases such as real property records, the U.S. Securities and Exchange Commission's EDGAR search engine, news and publications, professional organizations and licensing agencies, and social media platforms like Facebook, Twitter, Instagram, and LinkedIn. *See Laborers Dist. Council Constr. Indus. Pension Fund v. Sea Ltd.*, 345 F.R.D. 623, 625 (D. Ariz. 2024) (finding that address searches using popular search engines as well as social media platforms were reasonable and diligent); *In re Path Network, Inc.*, 703 F. Supp. 3d 1046, 1060 (N.D. Cal. 2023) (holding that a search of publicly available records and at least one website that establishes the "principal place of business" of a "messaging platform" as sufficiently reliable).

Here, Plaintiffs have engaged in reasonable efforts to locate a valid address for Defendant, to no avail. *See* Dkt. No. 19. As discussed above, *supra* Section III.A, Plaintiffs searched for physical addresses for both Xinjie Dai (the named Defendant and the party who submitted the Amazon infringement complaints) and James Thornton (the name identified as the '616 Patent rights holder on the Amazon infringement complaints) but were unable to find physical addresses for either. While Plaintiffs were able to identify a partial address for Xinjie Dai in Hangzhou, China, that address was listed without a province or postal code. In any event, Plaintiffs' search for that address did not return a clear result. Dkt. No. 19 ¶¶ 4–7.

Therefore, as Plaintiffs have undertaken reasonable and diligent efforts to find a physical address for service but have been unsuccessful, the Hague Service Convention is inapplicable.

## C. Alternative Service Pursuant to Rule 4(f)(3)

In determining whether to grant relief under Rule 4(f)(3), "[c]ourts consider a variety of factors . . . [,] including whether the plaintiff identified a physical address for the defendant, whether the defendant was evading service of process, and whether the plaintiff had previously been in contact with the defendant." *Rubie's Costume Co.*, 2019 WL 6310564, at *2 (permitting alternative service by email on certain online sellers of allegedly counterfeit products). Plaintiffs need not attempt "every permissible means of service of process before petitioning the court for alternative relief." *Id.*

Plaintiffs here have engaged in substantial efforts to locate proper contact information for Defendant but have been unsuccessful. *See supra* Section III.A; *see also generally* Dkt. No. 19. Plaintiffs' efforts suggest that Defendant may be attempting to use an alias and an incorrect address to attempt to evade service of process. *See Rio Props.*, 284 F.3d at 1016–18 (determining that defendant was "striving to evade service of process" where defendant's international courier at claimed address and defendant's attorney both refused to accept service of process). Further, although Plaintiffs have not been in contact with Defendant via its identified email address, as discussed below, *infra* Section III.D, Plaintiffs have shown that the email address is likely active. *See Liberty Media Holdings, LLC v. Vinigay.com*, No. C11-280, 2011 WL 810250, at *4 (D. Ariz. Mar. 3, 2011) (allowing alternative service by email where the plaintiff was unable to identify a physical address for the defendant and the plaintiff had previously communicated with the defendant by email).

Therefore, Plaintiffs have shown that alternative service under Rule 4(f)(3) is proper here.

## D. Due Process

"A method of service comports with due process if it is 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an

opportunity to present their objections.'" *Rubie's Costume Co.*, 2019 WL 6310564, at *2 (citing *Rio Props.*, 284 F.3d at 1016). "The Ninth Circuit has expressed concerns about ensuring delivery and confirmation of receipt for service by electronic means." *Wahi*, 2023 WL 3582398, at *4 (citing *Rio Props.,* 284 F.3d at 1018 ("In most instances, there is no way to confirm receipt of an email message.")).

Plaintiffs' requested method for alternative service satisfies constitutional due process. Like in other cases where courts have found that electronic service to an email address is reasonably calculated to provide notice to defendant, Defendant here identified the email address in its infringement complaints on the Amazon platform. *See, e.g.*, *Padded Spaces LLC v. Weiss*, No. C21-751, 2022 WL 1423701, at *3 (W.D. Wash. May 5, 2022) (finding that service to email address and through Amazon's messaging system was reasonably calculated since defendant conducted almost all business on Amazon and it could be inferred that defendant uses the communication methods associated with the storefront); *Amazon.com, Inc. v. KexleWaterFilters*, No. C22-1120, 2023 WL 2017002, at *4 (W.D. Wash. Feb. 15, 2023) (finding that service to email address was reasonably calculated where plaintiff demonstrated that address successfully received messages). Additionally, Plaintiffs have shown that a test email to the at-issue address was not returned as undeliverable and did not otherwise indicate nondelivery. Dkt. No. 19 ¶ 10; *see Keck v. Alibaba.com, Inc.*, No. C17-5672, 2018 WL 4181955, at *2–3 (N.D. Cal. Aug. 30, 2018) (approving service by email where no error message was received after test email); *KexleWaterFilters*, 2023 WL 2017002, at *4.

Regarding Plaintiff's proposed publication of the First Amended Complaint on a publicly available website (*see* Dkt. No. 18 at 1), courts look to whether plaintiffs suggest a publication method that would likely reach the defendant when considering whether website publication is appropriate. *See Neumont Univ., LLC v. Nickles*, 304 F.R.D. 594, 599–600 (D. Nev. 2015)

(holding that service through publication was not appropriate because the plaintiff did not suggest a publication method that would likely reach the defendant). Because Plaintiffs propose sending a link to that website directly to Defendant via email, this publication method is likely to reach Defendant.

Therefore, Plaintiffs' requested method for alternative service comports with constitutional due process and is reasonably calculated to provide Defendant with notice of this action and opportunity to respond.

### IV.    CONCLUSION

Accordingly, Plaintiffs' motion for alternative service on Defendant (Dkt. No. 18) is GRANTED. The Court hereby ORDERS:

(1) **Within seven (7) days** of this Order, Plaintiffs SHALL serve process on Defendant as follows:

(a) By publishing a link to the First Amended Complaint and attached exhibits (Dkt. Nos. 7, 7-1–7-8), the order granting Plaintiffs' motion for a temporary restraining order (Dkt. No. 26), and Plaintiffs' pending motion for preliminary injunction (Dkt. No. 20) on a publicly available website; and

(b) By sending an email to Defendant at jamesthorntoncontact@gmail.com with a link to the website referenced above and that provides Defendant with a list of the documents available on that website.

(2) Plaintiffs SHALL file proof of service for each means of alternative service **within ten (10) days** of this Order.

Dated this 26th day of June 2025.

Tana Lin
United States District Judge